*769 OPINION.
Lansdon:
With respect to the first allegation, the respondent concedes error in so far as his determination is inconsistent with the decision of the Supreme Court in National Life Insurance Co. v. United States, 277 U. S. 508. The petitioner is entitled to a deduction for each of the years 1923 to 1926, inclusive, of 4 per cent of the mean of reserve funds required by law and held at the beginning and end of the taxable year undiminished by the amount of tax-exempt interest received.
The remaining question to be determined is whether reserves for dividends left with the company to accumulate at interest and for discounted premiums paid in advance are “ reserve funds required by law ” within the meaning of section 245 (a) (2) of the Revenue Acts, which provide:
(a) That in the case of a life insurance company the term “net income” means the gross income less — •
*******
(2) An amount equal to the excess, if any, over the deduction specified in paragraph (1) of this subdivision, of 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year, * * *
Petitioner maintained reserves for dividends left to accumulate at interest. The amounts accumulated upon ordinary whole life policies were subject to withdrawal by the policyholder on demand, while those accumulated upon the 10-year renewable term policies were available only at the end of the term and were to be applied in reduction of renewal premiums. There is no provision as to payment in case the policy js lapsed.
*770 Frequently, policyholders desired to pay premiums which were not yet due, in which case, petitioner granted a discount from the due date to the date of payment of 3½ per cent, compounded annually. Such funds were subject to withdrawal at any time by the policyholder at their present value. On its annual statement for each of the taxable years petitioner set up reserves for the gross premiums paid in advance.
We think the reserves for dividends left to accumulate at interest and for premiums paid in advance are liabilities of petitioner which do not come within the accepted definition of “reserve funds required by law.” New York Life Insurance Co. v. Edwards, 271 U. S. 109; McCoach v. Insurance Co., 244 U. S. 585; Reserve Loan Life Insurance Co., 18 B. T. A. 359; Old Line Insurance Co., 13 B. T. A. 758; Standard Life Insurance Co. of America, 13 B. T. A. 13.
The Circuit Court of Appeals for the Second Circuit has recently held, in New York Life Insurance Co. v. Bowers, 39 Fed. (2d) 556, that reserves for dividends to policyholders held by a mutual life insurance company represent part of the net worth of the company and that they were subject to the capital-stock tax for the years when such taxes were levied against mutual life insurance companies. Bearing on the question whether dividends are policy obligations, the court states:
* * * While it is true that each policy provides for the declaration of those profits in the form of dividends, it is rather as a charter, — also a contract, — provides for the declaration of dividends to shareholders in a stock company. The policy holders are therefore at once associates in the business of life insurance, as to which they are investors, and creditors of the group as a whole, (Penn State Mutual Ins. Co. v. Lederer, 252 U. S. 523).
The petitioner relies upon our decision in Standard Life Insurance Co. of America, supra, and Resene Loan Life Insurance Co., supra. The facts of such cases are different from those presented here. There, guaranteed premium reduction coupons were attached, to the policies which entitled the policyholder to a credit of a definite amount on a fixed future date, and we held that they were policy obligations and that the reserves maintained on account thereof were “ reserve funds required by law.” In the instant case no obligation arises until the dividend is declared and credited to the policyholder, when it becomes a liability.
Reviewed by the Board.

Decision will be entered v/nder Rule 60.